# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **LINDA I. VALERNO,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civ. Act. No: 13-01326 (ESH)** |
| | ) |
| **ERIC HOLDER,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

_____)

## DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TO TRANSFER, FOR IMPROPER VENUE

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendant Eric Holder in his

official capacity as U.S. Attorney General, ("Defendant"), by and through undersigned counsel,

hereby moves this Court for dismissal of the instant action, or in the alternative for a transfer of

this action, for improper venue.  Attached hereto is Defendant's Memorandum of Points and

Authorities in support of its motion and an accompanying proposed order.


Dated: November 8, 2013,
Washington, DC



Respectfully submitted,

RONALD C. MACHEN JR.,
D.C. BAR #447889
United States Attorney

DANIEL F. VANHORN,
D.C. Bar # 924092

Chief, Civil Division


By:      _____/s/_____
         HEATHER GRAHAM-OLIVER
         Assistant United States Attorney
         Civil Division
         U.S. Attorney's Office, District of Columbia
         555 Fourth Street, N.W.,
         Washington, D.C. 20530
         (202) 252-2520

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
LINDA I. VALERNO,                           )
                                            )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )        Civ. Act. No: 13-01326 (ESH)
                                            )
ERIC HOLDER,                                )
                                            )
                                            )
        Defendant.                          )
_____)

Defendant Eric Holder, in his official capacity as U.S. Attorney General, ("Defendant"),

United States Department of Justice, of which the U.S. Marshals Service (USMS) is a

subcomponent, requests that the Court dismiss this matter for improper venue, or in the

alternative, transfer this matter to the Eastern District of Virginia.  In the instant case, Plaintiff

lives and works in the Eastern District of Virginia and the acts that allegedly violated Title VII

and the Privacy Act all took place in the Eastern District of Virginia.  Therefore, proper venue

lies in the Eastern District of Virginia and Defendant requests that the Court dismiss, or transfer,

this matter for improper venue.

    I.      **FACTUAL BACKGROUND.**

    Linda Valerino, is currently employed by the USMS as a criminal investigator and assigned

to the Office of Inspection in the USMS Headquarters in Arlington, Virginia. *See* Complaint, p.

2, 4, 9 ¶¶ 5, 26, 58.  Valerino is asserting retaliation and hostile work environment claims under

Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C.

§ 2000e, *et seq.  See* Complaint, pp. 13-15.  Valerino has also filed suit pursuant to the Privacy

Act of 1972, as amended, 5 U.S.C. § 552a.  The retaliation and hostile work environment claims,

in part, derive from the facts involved in the Privacy Act claims.  *See* Complaint, pp. 13-15.  The

other Title VII claims that are not derivative include allegations that "the USMS forfeited an

entire year's 2010-2011 annual evaluation of plaintiff's work performance in order for the Office

of inspection to issue a low rating and withhold a time off award"; and that "the USMS

suspended plaintiff's authority to carry and possess a firearm while on or off duty on federal

property because she was an EEO Complainant. . . ."  *Id*., at pp 14 and 15; ¶¶ 97, 98, 106, 107.

All of these events occurred within the Eastern District of Virginia.

## II.    ARGUMENT

### A.    Motion to Dismiss for Improper Venue under Fed. R. Civ. P. 12(b)(3).

Federal Rule of Civil Procedure 12(b)(3) states that the Court may dismiss or transfer a

case if venue is improper or inconvenient in the plaintiff's chosen forum.  Fed.R.Civ.P. 12(b)(3).

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual

allegations regarding venue as true, draws all reasonable inferences from those allegations in the

plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  *Darby v. Department*

*of Energy*, 231 F. Supp.2d 274, 276 (D.D.C. 2002) (citing *2215 Fifth St. Assoc v. U-Haul Int'l*

*Inc.*,  148 F.Supp.2d 50, 54 (D.D.C. 2001)).  "The court, however, need not accept the plaintiff's

legal conclusions as true.  To prevail on a motion to dismiss for improper venue, the defendant

must present facts that will defeat the plaintiff's assertion of venue."  *Id.* (internal citations

omitted).  Finally, 28 U.S.C. § 1406 allows the Court to transfer a case to a proper venue "in the

interest of justice."

**B.     Plaintiff's Case Was Filed in an Improper Venue Under Title VII**

This matter was filed in an improper venue, as Title VII does not permit Plaintiff's action

in the District of Columbia.  Venue in Title VII actions is governed by 42 U.S.C. § 2000e-5(f),

which provides:

> [A Title VII] action may be brought in any judicial district in the State in which
> the unlawful employment practice is alleged to have been committed, in the
> judicial district in which the employment records relevant to such practice are
> maintained and administered, or in the judicial district in which the aggrieved
> person would have worked but for the alleged unlawful employment practice, but
> if the respondent is not found within any such district, such an action may be
> brought within the judicial district in which the respondent has his principal
> office.

As this Court has explained, Congress intended to limit venue in Title VII cases to those

jurisdictions concerned with the alleged discrimination, and the venue determination must be

based on a "commonsense appraisal" of how the events in question arose.  *See Spencer v.*

*Rumsfeld*, 209 F.Supp.2d. 15, 17-19 (D.D.C. 2002); *see also Stebbins v. State Farm Mutual*

*Auto., Ins. Co.*, 413 F. 2d 1100, 1102 (D.C. Cir. 1969) (affirming dismissal for improper venue

and stating that "Section 706(f) of the Act provides four judicial districts in which employment

discrimination suits may be filed" and that "[t]he venue of the right of action here in suit was

limited by the statute which created the right."), *cert. denied*, 396 U.S. 895 (1969); *Tildon v.*

*Alexander*, 587 F. Supp. 2d 242 (D.D.C. 2008) (there is "a clear preference in employment

discrimination cases for adjudicating the claims in the judicial district most concerned with the

alleged discrimination."); *Hayes v. RCA Service Co.*, 546 F. Supp. 661, 663 (D.D.C. 1982)

("Title VII contains a special venue provision, which limits the choice of available forums.")

(internal citation omitted).

3

Where, as here, Plaintiff has filed her action in the wrong district, the court "shall dismiss" the case unless, "in the interests of justice" the court concludes that it should be transferred to the proper venue. *See* 28 U.S.C. § 1406. This decision **"**rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

Because Plaintiff failed to file her case in the proper venue, the case should be either dismissed or transferred. The USMS is headquartered in the Eastern District of Virginia and Plaintiff lives and works in the Eastern District of Virginia. Mohan Decl. ¶ 2; Compl. at ¶¶ 5, 26, 58. Plaintiff's employment records are maintained in USMS Headquarters in the Eastern District of Virginia. Mohan Decl. ¶¶ 3-4. The relevant witnesses are all located in the Eastern District of Virginia. Mohan Decl. ¶¶ 10-11. And the events complained of, including the authoring of a low annual performance rating; withholding a time off award; and requiring Plaintiff to undergo screening when entering the Albert V. Bryan U.S. Courthouse, and the informing of her supervisors of the incident occurring at that courthouse, all transpired in the Eastern District of Virginia. Mohan Decl. ¶¶ 10-11; Compl, at pp. 3-4 ¶¶ 14-20; and pp. 8-10, ¶¶ 50-70.

Finally, the "principal office" prong of 42 U.S.C. § 2000e-5(f), even if applicable, supports dismissal or transfer because the Defendant's Headquarters are in the Eastern District of Virginia. *See* 42 U.S.C. § 2000e-5(f) (permitting venue "within the judicial district in which the respondent has his principal office," only when Defendant is unavailable in the other three statutorily-proscribed venues). Accordingly, this case should be dismissed or transferred because Plaintiff can make no valid argument that supports venue for her title VII claims in the District of Columbia.

4

**C.     Venue Under The Privacy Act.**

Venue under the Privacy Act is governed by 5 U.S.C. § 552a(g)(5), which provides:

An action to enforce any liability created under this section may be brought in the
district court of the United States in the district in which the complainant resides,
or has his principal place of business, or in which the agency records are situated,
or in the District of Columbia.

While venue for the Privacy Act claims is technically proper in the District of Columbia,

for judicial economy, the litigation should still be transferred to the Eastern District of Virginia.

Plaintiff resides in Virginia, plaintiff works in Virginia, and the records at issue were maintained

and disclosed in Virginia  *See, e.g., Hooker v. National Aeronautics and Space Administration*,

____ F. Supp. 2d ____, 2013 WL 4454549 (August 21, 2013)(Privacy Act suit transferred to

District of Maryland, where plaintiff resides and location of records); *Tildon*, 587 F. Supp. 2d at

243 n. 1 ( D.D.C. 2008) (transferring multi-claim cause of action to the District of Maryland,

even though plaintiff was able to bring Privacy Act claim in District of Columbia); *Dehaemers v.*

*Wynne*, 522 F. Supp. 2d 240, 248-49 (D.D.C. 2007) (where plaintiff's Privacy Act claims were

properly in District of Columbia, declining to assume pendent venue over plaintiff's

Rehabilitation Act and Title VII claims; concluding therefore, that plaintiff must either transfer

Privacy Act claim or have court consider it alone); *Ridgely v. Chao,* 2006 U.S. Dist. LEXIS

13021 *9-10 (Because venue in the District of Columbia is improper for plaintiff's Title VII

claims, it is in the interest of justice, and judicial efficiency to transfer plaintiff's entire complaint

to the Eastern District of Virginia, rather than have his claims separately considered in different

venues.); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (transferring case under

28 U.S.C. § 1404(a) to plaintiff's "home forum," even though "venue is proper" in District of

Columbia, given that "[a]ll the operative facts occurred in Arizona" and "it cannot be said that

5

forcing a plaintiff to litigate in his home district will prejudice or burden the plaintiff in any way").

## III.    CONCLUSION

Because Plaintiff has failed to bring this action in the proper jurisdiction, Defendant requests that this matter be dismissed, or in the alternative, transferred to the Eastern District of Virginia.

*        *        *

Dated:  November 8, 2013,
            Washington, DC

                                        Respectfully Submitted,

                                        RONALD C. MACHEN JR., D.C. BAR#447889
                                        United States Attorney
                                        for the District of Columbia

                                        DANIEL F. VANHORN, D.C. Bar #924092
                                        Civil Chief

                                        By: _/s/ Heather Graham-Oliver_
                                        HEATHER GRAHAM-OLIVER
                                        Assistant United States Attorney
                                        Civil Division
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        Tel:  (202) 305-1334
                                        Fax:  (202) 514-8780

                                        Attorneys for Defendant