UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA I. VALERINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-1326 (ESH) |
| | ) |
| ERIC HOLDER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, proceeding *pro se*, brought this four-count action under the Privacy Act, 5 U.S.C. § 522a, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, arising from her employment with the Office of Inspection within U.S. Marshals Service ("USMS") of the U.S. Department of Justice in Arlington, Virginia. Defendant has moved to dismiss, or in the alternative, to transfer the case to the U.S. District Court for the Eastern District of Virginia. (Mot. to Dismiss, Nov. 8, 2013 [Dkt. No. 7].) As is clear from plaintiff's complaint, defendant's motion, and plaintiff's response, the portions of the action alleging Title VII claims does not properly lie in this jurisdiction because they do not satisfy Title VII's specific venue provision set forth in 42 U.S.C. § 2000e-5(f)(3). While venue is proper in the District of Columbia for plaintiff's Privacy Act claims, the Court will, in the interests of justice, transfer the entire case to the Eastern District of Virginia.

**BACKGROUND**

Plaintiff has worked for the USMS since January 1988, and was promoted in April 2011 to a position in the USMS Office of Inspection in Arlington, Virginia. (Compl., Sept. 3, 2013 [Dkt. No. 1] ¶ 5, 12-13.) Plaintiff has had an EEO Complaint pending against the USMS since 2003. (*Id.* ¶ 7.) Plaintiff alleges that soon after she began working in the Office of Inspection, a human

resources officer violated her rights under the Privacy Act by e-mailing plaintiff's new supervisor, Noelle Douglas, a copy of an agency record containing a Letter of Reprimand that had been issued to plaintiff while she worked for the USMS in the U.S. Virgin Islands. (*Id.* ¶¶ 31-32, 80.) Plaintiff also alleges that over a year later, in June 2012, Michael Sprout, Assistant Director of the Office of Inspection, violated her rights under the Privacy Act by forwarding a confidential e-mail regarding her EEO Complaint to two officials, including Ms. Douglas, who no longer worked within the Office of Inspection. (*Id.* ¶¶ 45-46, 87.) Plaintiff alleges that the releases of her private information, among other incidents described in her complaint, constitute retaliation and contributed to a hostile work environment under Title VII. (*See id.* at ¶¶ 95-96, 104-05.)

## DISCUSSION

### I. VENUE FOR TITLE VII CLAIMS

Title VII includes a specific venue provision, which permits actions to "be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." 42 U.S.C. § 2000e–5(f)(3). In the event that defendant cannot be found in any such district, venue is proper in any judicial district where the defendant has its principal office. *Id.* The venue provision of Title VII overrides any other venue provision governing actions in federal court. *See Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir. 1969).

The District of Columbia is not the location of the alleged retaliation or hostile work environment (*see* Decl. of Katherine T. Mohan, Nov. 7, 2013 [Dkt. No. 7-1] ¶ 1), nor is there any allegation that plaintiff would have been employed here but for the alleged Title VII violations. The facts underlying plaintiff's complaint all occurred in Arlington, Virginia, where plaintiff

worked for the USMS. (*See generally* Compl. ¶¶ 26-78; Mohan Decl. ¶ 9-10.) Finally, plaintiff's records are maintained in an electronic database administered by a custodian in Arlington, Virginia. (Mohan Decl. ¶¶ 1, 3-4.) Under these undisputed facts, venue is appropriate in the Eastern District of Virginia under all three prongs of 42 U.S.C. § 2000e–5(f)(3).

Plaintiff does not dispute these assertions. Instead, she contends that venue is proper in the District of Columbia for three reasons, all of which fail. First, plaintiff seems to argue that venue is proper because the Court has the power to exercise supplemental jurisdiction over the Title VII claims because they are substantially related to the Privacy Act claims. (*See* Resp., Dec. 12, 2013 [Dkt. No. 9] at 3.) However, jurisdiction and venue are distinct concepts, and a court's subject matter jurisdiction over a case (or its personal jurisdiction over a defendant) does not relieve that court of ensuring that venue is proper for each claim in the complaint. *Cf. Cameron v. Thornburgh*, 983 F.2d 253, 256-57 (D.C. Cir. 1993). Second, plaintiff argues that venue is proper because defendant's principal office is in the District of Columbia. (*See* Resp. at 4, 6.) But, because venue would have been appropriate in the Eastern District of Virginia under any of the first three prongs of 42 U.S.C. § 2000e–5(f)(3), plaintiff cannot avail herself of the residual provision permitting suit where the defendant has its principal office.[1] *See Abou-Hussein v. Mabus*, -- F. Supp. 2d. ---, 2013 WL 3753553, *4 (D.D.C. July 17, 2013). Finally, plaintiff argues that while her employment records were maintained in Arlington, those records are electronic and can be "accessed" from a USMS computer in Washington, D.C. (*See* Resp. at 6, 9-10.) However, "[t]he electronic accessibility of documents in this district does not satisfy § 2000e–5(f)(3)'s second provision, which permits a case to be brought 'in the judicial district in which the employment records relevant to such practice are maintained and administered,' [42 U.S.C.] §

---

[1] Therefore, that plaintiff and defendant dispute whether the appropriate "principal office" to consider is that of the USMS in the Eastern District of Virginia (*see* Mot. at 4), or the Department of Justice in Washington, D.C. (*see* Resp. at 4, 6), is irrelevant.

2000e–5(f)(3), because the statute contemplates venue in the single judicial district where the records are 'maintained and administered,' not wherever records could be accessed." *Abou-Hussein*, 2013 WL 3753553, at *4.

Accordingly, because the alleged unlawful employment practices were committed in the Eastern District of Virginia, which is also the jurisdiction in which the relevant employment records are maintained, and plaintiff would not have been employed in the District of Columbia but for the alleged unlawful employment practices, venue for the Title VII claims is improper in the District of Columbia, and properly lies in the Eastern District of Virginia.

## II.     TRANSFER OF VENUE UNDER 28 U.S.C. § 1404(a)

Although defendant concedes that "venue is technically proper" in the District of Columbia for plaintiff's Privacy Act claims, he argues the entire action, including the Privacy Act claims, should be transferred to the Eastern District of Virginia to promote "judicial economy." (Mot. at 5.)   Even if the Title VII claims are transferred for improper venue, Plaintiff seeks to have the Privacy Act claims considered by this Court.[2]   (Resp. at 9.)   Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Because plaintiff resides and the relevant agency records are maintained in the Eastern District of Virginia, plaintiff could have originally brought her Privacy Act claims there.   *See* 5 U.S.C. § 552a(g)(5) (stating that a Privacy Act claim may be brought "in the district in which the complainant resides . . . or in which the agency records are situated").   Moreover, the District of Columbia has no "meaningful ties to the controversy."   *See Robinson v. Eli Lilly & Co.*, 535 F.

---

[2] Plaintiff also seems to argue for the exercise of pendent venue over the Title VII claims. (*Cf.* Resp. at 7.)   The Court rejects that argument because the application of the pendent venue doctrine is inconsistent with the Congressional intent manifested in Title VII's specific venue provision.   *See Jyachosky v. Winter*, 2006 WL 1805607, *4 n.3 (D.D.C. June 29, 2006) (so holding); *Bartel v. F.A.A.*, 617 F. Supp. 190, 198 n.33 (D.D.C. 1985) (same in case involving constitutional and common-law tort, Privacy Act, and Title VII claims).

Supp. 2d 49, 52 (D.D.C. 2008). Thus, because the relevant conduct occurred in the Eastern District of Virginia, most of the witnesses are located in the Eastern District of Virginia (and none are located in Washington, D.C.), and the Title VII and Privacy Act claims arise from a common nucleus of operative facts, the interests of justice will be served by transferring the case in its entirety to the Eastern District of Virginia. *See Tildon v. Alexander*, 587 F. Supp. 2d 242, 244 n.1 (D.D.C. 2008); *Al-Beshrawi v. United States*, 2005 WL 3274104, *5 (D.D.C. Aug. 3, 2005).[3]

## CONCLUSION AND ORDER

For these foregoing reasons, it is hereby

**ORDERED** that defendant's Motion to Transfer for Improper Venue [Dkt. No. 7] is **GRANTED**; it is further

**ORDERED** that the Clerk's Office is directed to **TRANSFER** forthwith the instant case to the United States District Court for the Eastern District of Virginia.

Date: December 13, 2013

/s/
ELLEN SEGAL HUVELLE
United States District Judge

---

[3] Plaintiff argues that this case should not be transferred in its entirety for three reasons, none of which persuade the Court. First, plaintiff notes that she previously moved to amend her complaint in an action she brought before the U.S. District Court for the Eastern District of Virginia to include the instant Title VII claims, but the defendant objected to, and the court denied, that motion to amend. (*See* Resp. at 8-9.) However, defendant's insistence before that court that the Title VII claims be filed in an "independent action" (*id.* at 8) does not speak to where that "independent action" should be brought. Thus, defendant's position that this case should be transferred to the Eastern District of Virginia is not inconsistent with his prior position before that court. Plaintiff also argues that, because several potential witnesses in the case work in the Albert V. Bryan Federal Court House in Alexandria, Virginia, the witnesses may face "undue intimidation and retaliation" by the USMS. (*Id.* at 6.) "[B]ecause avenues for relief are available" from a court within the Eastern District of Virginia "to address[these] concerns," this allegation does not favor venue in the District of Columbia. *Cf. Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 45 (D.D.C. 2003) (so holding regarding allegation of judicial bias in transferee court). Finally, plaintiff argues that the District of Columbia is the most convenient venue for her because local rules allow *pro se* parties to file pleadings electronically. (*See id.* at 5.) The Court doubts that Congress had inter-district local rule variations in mind when making the "convenience of parties" a factor in the transfer of venue analysis. But even assuming that it did, the convenience to plaintiff of electronic filing does not alone outweigh the other equities, including the benefit of judicial economy, that are furthered by transferring this entire action to the Eastern District of Virginia.